UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT BOSCH LLC, | Case No. 10 CV 1437 |
| Plaintiff, | Honorable Robert Gettleman |
| v. | Magistrate Judge Maria Valdez |
| OLD WORLD INDUSTRIES, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

**DEFENDANT OLD WORLD INDUSTRIES'
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Old World Industries, Inc. ("OWI") answers Plaintiff Robert Bosch LLC's ("Bosch") Complaint as follows:

1. This action arises under the patent laws of the United States, Title 35 of the United States Code (for example, 35 U.S.C. §§ 271, 281, 283, 284, and 285) as hereinafter more fully appears. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §§ 1331 and 1338.

**Answer:**

Admitted.

2. On September 25, 2001, United States Letters Patent No. 6,292,974 (attached as Exhibit A) were duly and legally issued for an invention in a wiper blade. Plaintiff is the owner of those Letters Patent.

**Answer:**

OWI admits that Exhibit A to the Complaint appears to be a copy of U.S. Patent No. 6,292,974 (the '974 patent) reflecting an issue date of September 25, 2001. OWI denies that the

1

'974 patent was duly and legally issued for an invention in a wiper blade. OWI is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 2, and therefore denies them.

3.   Defendant has infringed and still is infringing those Letters Patent (for example, at least claims 1, 2 and 8) directly and indirectly by making, importing, offering for sale, using, and selling wiper blades embodying the patented invention, such as the ProLine and PEAK Optix wiper blades, and will continue to do so unless enjoined by this Court.

**Answer:**

Denied.

4.   On January 13, 2004, United States Letters Patent No. 6,675,434 (attached as Exhibit B) were duly and legally issued for an invention in a wiper blade. Plaintiff is the owner of those Letters Patent.

**Answer:**

OWI admits that Exhibit B to the Complaint appears to be a copy of U.S. Patent No. 6,675,434 (the '434 patent) reflecting an issue date of January 13, 2004. OWI denies that the '434 patent was duly and legally issued for an invention in a wiper blade. OWI is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 4, and therefore denies them.

5.   Defendant has infringed and still is infringing those Letters Patent (for example, at least claims 1, 4, 5, 7 and 13) directly and indirectly by making, importing, offering for sale, using, and selling wiper blades embodying the patented invention, such as the ProLine and PEAK Optix wiper blades, and will continue to do so unless enjoined by this Court.

**Answer:**

Denied.

6. On September 20, 2005, United States Letters Patent No. 6,944,905 (attached as Exhibit C) were duly and legally issued for an invention in a wiper blade. Plaintiff is the owner of those Letters Patent.

**Answer:**

OWI admits that Exhibit C to the Complaint appears to be a copy of U.S. Patent No. 6,944,905 (the '905 patent) reflecting an issue date of September 20, 2005. OWI denies that the '905 patent was duly and legally issued for an invention in a wiper blade. OWI is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 6, and therefore denies them.

7. Defendant has infringed and still is infringing those Letters Patent (for example, at least claims 13, 17 and 18) directly and indirectly by making, importing, offering for sale, using, and selling wiper blades embodying the patented invention, such as the ProLine and PEAK Optix wiper blades, and will continue to do so unless enjoined by this Court.

**Answer:**

Denied.

8. On November 18, 2008, United States Letters Patent No. 7,451,520 (attached as Exhibit D) were duly and legally issued for an invention in a wiper blade. Plaintiff is the owner of those Letters Patent.

**Answer:**

OWI admits that Exhibit D to the Complaint appears to be a copy of U.S. Patent No. 7,451,520 (the '520 patent) reflecting an issue date of November 18, 2008. OWI denies that the

'520 patent was duly and legally issued for an invention in a wiper blade.  OWI is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 8, and therefore denies them.

9.      Defendant has infringed and still is infringing those Letters Patent (for example, at least claims 1-12, 14 and 15) directly and indirectly by making, importing, offering for sale, using, and selling wiper blades embodying the patented invention, such as the ProLine and PEAK Optix wiper blades, and will continue to do so unless enjoined by this Court.

**Answer:**

Denied.

10.     Defendant's infringement has caused and will continue to cause damage and irreparable harm to Bosch until enjoined by this Court.

**Answer:**

Denied.

## AFFIRMATIVE DEFENSES

Further responding to Bosch's Complaint, OWI asserts the following affirmative defenses and reserves the right to further amend its Answer as additional information becomes available:

1.      Bosch is estopped from asserting infringement of the '974, '434, '905, and '520 patents (collectively, the "Patents-in-suit") based on the claims, specification, prior art, and prosecution history of each of the respective patents.

2.      Bosch is barred from recovering damages for infringement of the Patents-in-suit before the date OWI received actual notice of Bosch's claims of infringement.

3.      Bosch's Complaint fails to state a claim upon which relief can be granted.

4. Bosch has not suffered any injury or damages.

5. Bosch has failed to mitigate any injury or damages it may have suffered.

6. Bosch is not entitled to equitable relief because it has an adequate remedy at law.

7. OWI incorporates by reference as defenses the allegations set forth below supporting its Counterclaims.

## COUNTERCLAIMS

OWI assets the following counterclaims against Bosch:

1. This Court has jurisdiction over these Counterclaims pursuant to Fed. R. Civ. P. 13. Jurisdiction in this Court also is proper pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. Venue is proper for these Counterclaims because Bosch elected this forum for suit and pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

2. An actual controversy exists between the parties as to the asserted infringement and validity of the Patents-in-suit.

## COUNT I
### (Declaration of Non-Infringement of the Patents-in-Suit)

3. OWI repeats and realleges the allegations of Paragraphs 1 through 2 of these Counterclaims.

4. OWI has not infringed and is not infringing any claim of the '974, '434, '905 and '520 patents.

## COUNT II
### (Declaration of Invalidity of the Patents-in-Suit)

5. OWI repeats and realleges the allegations of Paragraphs 1 through 2 of these Counterclaims.

6.       The Patents-in-Suit are invalid for failure to meet at least one of the statutory requirements of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112.

**WHEREFORE,** OWI requests that this Court enter judgment against Bosch, and against its subsidiaries, successors, parents, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.       The entry of judgment in favor of OWI, and against Bosch, on all counts of Bosch's Complaint;

B.       That judgment be awarded to OWI on all counts of its Counterclaim;

C.       A finding that this case be declared exceptional and that OWI be awarded its attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.       A declaration that all claims of the '974, '434, '905 and '520 patents are not and have not been infringed by OWI;

E.       A declaration that all claims of the '974, '434, '905 and '520 patents are invalid;

F.       A preliminary and permanent injunction prohibiting Bosch, its officers, attorneys, subsidiaries, successors, parents, affiliates, agents, servants, employees and those persons in active concert or participation with them, be enjoined from charging or asserting that OWI or anyone in privity with OWI, including OWI's customers, infringe the Patents-in-suit;

G.  That OWI be awarded such other and further relief as may be deemed just and proper by the Court.

DATED: April 22, 2010                                    OLD WORLD INDUSTRIES, INC.

By: /s/ Anastasia Heffner
Timothy Delaney (Bar No. 6198816)
Anastasia Heffner (Bar No. 6272389)
David Bluestone (Bar No. 6269436)
Jacob Bachman (Bar No. 6292317)
BRINKS, HOFER, GILSON & LIONE
NBC Tower – Suite 3600
455 N. Cityfront Plaza Dr.
Chicago, IL 60611
(312) 321-4200
tdelaney@usebrinks.com
aheffner@usebrinks.com
dbluestone@usebrinks.com
jbachman@usebrinks.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 22, 2010, I electronically filed DEFENDANT OLD WORLD INDUSTRIES' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS with the Clerk of the Court using the ECF system, which will send notification of such filling to all counsel of record.

Dated: April 22, 2010

By: /s/ Anastasia Heffner
Timothy Delaney (Bar No. 6198816)
Anastasia Heffner (Bar No. 6272389)
David Bluestone (Bar No. 6269436)
Jacob Bachman (Bar No. 6292317)
BRINKS, HOFER, GILSON & LIONE
NBC Tower – Suite 3600
455 N. Cityfront Plaza Dr.
Chicago, IL 60611
(312) 321-4200
tdelaney@usebrinks.com
aheffner@usebrinks.com
dbluestone@usebrinks.com
jbachman@usebrinks.com

Attorneys for Defendant